IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| HERBERT ADCOCK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 06-2109-STA |
| ) | |
| CITY OF MEMPHIS, ) | |
| ) | |
| Defendant. ) | |

_____

**ORDER DENYNG PLAINTIFF HERBERT ADCOCK'S MOTION FOR SEVERANCE**
_____

Before the Court is Plaintiff Herbert Adcock's ("Adcock") Motion for Severance (D.E. # 116) filed on November 23, 2010. Defendant City of Memphis has filed a response in opposition to Plaintiff's Motion. For the reasons set forth below, the Motion is **DENIED**.

Plaintiffs allege that the City of Memphis is liable pursuant to 42 U.S.C. § 1983 for violations of their civil rights by Memphis police officers. Adcock argues in his Motion that the Court should sever or separate the jury trial of his claims from the jury trial of claims of his co-Plaintiff Leah Fetter ("Mrs. Fetter"). While admitting that he and Mrs. Fetter combined their claims in the same Complaint and pursued discovery jointly in this matter, Adcock now argues that he will be prejudiced if the Court tries his claims with those of Mrs. Fetter. In support, Adcock points out that Mrs. Fetter is married to one of the individual Defendants, James Fetter ("Mr. Fetter"), a former Memphis police officer. The claims in this case arise from Mr. Fetter's alleged violations of Adcock's and Mrs. Fetter's civil rights. Mr. Fetter is accused of conspiring to plant illegal narcotics on Adcock and Mrs. Fetter in retaliation for Adcock assisting Mrs.

1

Fetter during her separation from Mr. Fetter. Adcock cites Mr. Fetter's deposition testimony where he stated that he hoped Mrs. Fetter "got some money" in this suit for the sake of their children. Adcock contends that Mr. Fetter has also implicated Mrs. Fetter in various illegal activities Mr. Fetter committed as a Memphis police officer. For example, Mr. Fetter testified in his deposition that with his wife's encouragement, he accepted a sum of cash illegally seized from a motorist during a traffic stop by another former Memphis police officer and his co-Defendant Adam Gagnier. Based on these factors, Adcock believes that he will suffer prejudice if his claims are tried together with Mrs. Fetter's and asks the Court to order separate trials.

Defendant City of Memphis has responded in opposition. The City believes that it will be prejudiced if the Court orders separate trials of these claims. According to the City, a single trial would conserve judicial resources because Adcock's claims and Mrs. Fetter's claims will require the same proof from the same witnesses. Separate trials, on the other hand, may result in inconsistent jury verdicts.

The Court finds that Adcock's Motion is not well-taken and should therefore be denied. As an initial matter, Adcock has styled his motion as a "Motion for Severance" and briefed Federal Rule of Civil Procedure 42(b). Technically, Rule 21 governs motions to sever claims; whereas, Rule 42(b) applies to motions for separate trials. Where a court severs a claim under Rule 21, that claim ceases to be part of the same suit.[1] Where a court orders separate trials, claims will be tried separately but remain part of the same suit. Because Adcock has briefed Rule 42(b), the Court will treat his Motion as one for separate trial and not for severance. Rule 42(b) states in relevant part that "[f]or convenience, to avoid prejudice, or to expedite and

---

[1] *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1013 (7th Cir. 2000).

economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[2] A district court's decision to order separate trials "is within its sound discretion and will be affirmed unless the potential for prejudice to the parties is such as to clearly demonstrate an abuse of discretion."[3]

Applying these factors to the case at bar, the Court finds that any potential prejudice to Adcock would not justify the inefficiency of conducting separate trials. Adcock's primary argument concerns his belief that he will suffer prejudice if the Court tries his claims with those of his co-Plaintiff Mrs. Fetter. Adcock emphasizes the fact that his co-Plaintiff is or was married to one of the Defendants. In fact, the Court notes that there is evidence in the record that the Fetters do not live together and are in the process of obtaining a divorce.[4] More importantly, the Fetters' marital problems form the basis the events giving rise to Adcock's claims against Mr. Fetter. The Complaint alleges that the Fetters were married (Compl. ¶ 5) and that Mr. Fetter threatened Adcock after Adcock helped Mrs. Fetter move out of the marital home (Compl. ¶¶ 14-16). The Complaint goes on to allege that Mr. Fetter orchestrated two different traffic stops for the purpose of harassing Adcock and Mrs. Fetter (Compl. ¶¶ 22-25, 32-38). Therefore, the Court finds that the Fetters' marriage is highly relevant to the issues in this case.

There is also evidence in the record that Mr. Fetter will implicate Mrs. Fetter in some of his illegal dealings as a Memphis police officer. Assuming that this evidence is even relevant and is presented to the jury, the Court finds that an appropriate instruction can adequately cure

---

[2] Fed. R. Civ. P. 42(b).

[3] *American Trim, LLC v. Oracle Corp.*, 383 F.3d 462, 474 (6th Cir. 2004).

[4] James Fetter Dep. 136:25-137:8.

any potential prejudice Adcock might suffer as Mrs. Fetter's co-Plaintiff.

As for the remaining Rule 42(b) factors, the Court finds that separate trials would actually delay the resolution of the case and result in a loss of economy and efficiency for the Court and the parties. The risk of prejudice to Plaintiff Adcock is not enough to outweigh these considerations. Therefore, Adcock's Motion for Separate Trials is **DENIED**.

**IT IS SO ORDERED.**

                    **s/ S. Thomas Anderson**
                    S. THOMAS ANDERSON
                    UNITED STATES DISTRICT JUDGE

                    Date: December 8th, 2010.